UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X          NOT FOR PUBLICATION
MUNICIPAL CREDIT UNION,

                    Plaintiff,

            - against -                                                **REMAND ORDER**
                                                                       16-CV-6505 (WFK)
LORREN WHITFIELD,

                    Defendant.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 21, 2016, defendant Lorren Whitfield ("Whitfield"), appearing *pro se*, filed this notice seeking to remove a civil proceeding filed in the Civil Court of the City of New York, County of Kings, Index No. 18726/16. I grant Whitfield's application to proceed *in forma pauperis* solely for the purpose of this order. For the reasons set forth below, the action is remanded to the Civil Court of the City of New York, County of Kings, pursuant to 28 U.S.C. § 1447(c).

Title 28, section 1441, of the United States Code sets forth the criteria for removing a civil action from state court to federal court. The statute provides for removal of claims over which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(a), which means that a claim may only be removed to federal court if it could have been filed in federal court originally. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Moreover, "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211

1

F.3d 697, 700 (2d Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden is on the removing party to prove that it has met the requirements for removal." *Codapro Corp. v. Wilson,* 997 F.Supp. 322, 325 (E.D.N.Y. 1998) (citations omitted).

Here, Whitfield, the removing party, has not met his burden. On the face of the annexed state court pleading, there is no basis for federal jurisdiction. Rather, the state court action seeks a judgment for Whitfield's alleged failure to make payments on a credit card issued by the Municipal Credit Union, *see* Notice of Removal, Unmarked Exhibits, and does not allege any federal claims. *See Fax Telecommunicaciones Inc.*, 138 F.3d at 486 ("a plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense."). Furthermore, Whitfield cannot rely on the federal statutes, such as the Fair Debt Collection Practices Act, *see* Notice of Removal, Doc. 1 at ECF pp. 1, 14-15, 19, since assertions of federal statutory claims in response to the state court proceeding is insufficient to invoke the federal court's jurisdiction where original jurisdiction is lacking. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim."); *City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("The mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.").

## Conclusion

Accordingly, the Court concludes that removal should not be permitted as set forth above and the action is hereby remanded to the Civil Court of the City of New York, County of Kings, Index No. 18726/16.

The Clerk of Court is directed to immediately send a certified copy of this Order to the

Clerk of the Civil Court of the City of New York, County of Kings, Index No. 18726/16, and to

close the case in this Court.  28 U.S.C. § 1447(c).

**SO ORDERED.**

s/ WFK

William F. Kuntz II
United States District Judge

Dated: Brooklyn, New York
      November 29, 2016